(4 Misc. Rep. 19.)

WEST v. PLACE et al.

(Supreme Court, Special Term, Washington County. May, 1893.)

1. Costs—Will Contest—Unsuccessful Parties.
　　On an unsuccessful contest of a will by testator's heirs, counsel fees should not be allowed them out of the estate.

2. Same—Beneficiaries of Will.
　　Where the executor of a will has employed counsel to uphold its validity on a contest instituted by the heirs, beneficiaries under the will, who also employed counsel to protect their interests, should not be allowed counsel fees out of the estate; and the fact that such beneficiaries are charitable institutions is no reason for departing from this rule.

Action by Wayland D. West, surviving executor, etc., of Isaac V. Place, against William Place and others, for the construction of the will of his testator. The will was declared valid, and the various parties now move for allowances for counsel fees out of the estate. Motion denied.

William Green, for plaintiff.
Anibal & Murray, Baker & Burton, and Spencer & Banker, for defendants.

RUSSELL, J. The motion is for extra allowances to defendants separately, and the action is for the construction of the last will and testament of Isaac V. Place, who died at Gloversville, wifeless and childless. Costs were given to the plaintiff and the various defendants, and an allowance of $1,000 to the plaintiff, as it appeared to the court that the plaintiff's attorney and counsel had fully cared for the interests of the beneficiaries of the estate in the presentation of the case. The main arguments in the case

were made by the plaintiff's attorney and counsel, and for the relatives, represented by Messrs. Anibal & Murray, who sought to overthrow the entire scheme of the will. Various reasons are assigned for a review of the question of allowances, so that the beneficaries appearing by attorney, and also the contestants, whose counsel certainly did a large amount of labor in the case, might be indemnified for their expenses by allowances out of the general fund. The reasons urged will be referred to in this memorandum.

The testator left property of about $80,000, and, after giving some small legacies to his brothers and other collateral relatives, made provision for other legacies to various benevolent and religious corporations, and then contingently left the remainder to the Gloversville Library Association, and, if the condition upon which it was to receive was not fulfilled, to the various religious and benevolent associations, and other legatees, in proportion to the specific legacies. It may very well be that the court, if called upon to make a will for the testator, would not dispose of his property in the manner in which he did. It may be well said that as a matter of wise judgment, the distribution of a greater part of a man's property to any corporations, where the testator leaves near relatives who need the benefits of his bounty, is not to be commended or followed. But all the property was acquired by the testator himself. There is no rule of law forbidding him to dispose of it as he did, and the courts, up to this time, try to protect a testator in his evident intent to lawfully dispose of his estate. Nor is the fact that one or more of the counsel represent benevolent institutions a sufficient reason for requiring the entire estate to pay the counsel fees of those benevolent institutions, especially where they are to receive so large benefits from the estate. It may well be that counsel would gladly contribute to the support of such institutions, and such gifts, within bounds, are worthy of all praise; but there is no rule of law or reason that should require a counsel to disproportionately give valuable time and services to such institutions, and thus compel them to make larger contributions, relatively, than even the testator himself made. The beneficiaries, in so far as they were not protected by the efforts of the attorney and counsel who appeared for the executor, plaintiff, should certainly pay their own counsel for services rendered by them.

As to the counsel for the contestants, a different reason applies for not granting them allowances. The court recognizes the industry and ability and devotedness of their efforts for their clients. Those clients took the opportunity, as they had a right to do, of endeavoring to have the law declare that the whole of this estate should pass to the heirs at law, who were but slightly benefited by the will. They have so far failed in this attempt. The law pronounces their effort one which cannot succeed. It should not indemnify them for the expenses of that effort. They were unsuccessful, and the usual rule that the unsuccessful party shall not be indemnified for the expenses of the litigation should apply.

Generally speaking, these applications for allowances in equitable· actions, where an estate is within the control of the court. are the most annoying to judges of all applications, and the most difficult to properly decide.     The opposition to the request for allowances is not usually strenuous or severe, and the courts do not have the same benefit of the keen ability of opposing lawyers to point out the errors or weaknesses of applications that they do in sharply contested litigations.     The natural disposition of judges is to see that faithful, devoted, and valuable services of counsel are rewarded if it can be done without a sharp injustice.     But, after all, the carving out of a large sum of money from an estate, which has been confided by operation of law to the custody of the courts, for the benefit of the counsel engaged, is wrong in principle.     It should not be followed.     The rules applicable to the granting of allowances should be steadily adhered to, and those rules, shortly summarized, as it seems to me, are these:  First, unsuccessful parties should not receive allowances out of the estate; second, the trustee who is compelled to ask the aid of the court in settlement of his estate should be indemnified and protected; third, beneficiaries who are fully and fairly protected by the efforts of the trustee and his counsel should not receive allowances, as the estate has been already subjected to the burden of one allowance for their practical benefit; fourth, beneficiaries having substantially the same interest should not receive separate allowances, although they appear by separate attorneys.     Undoubtedly there are circumstances which may furnish exceptions to those general rules, but they should be generally followed.

The application for allowance is again denied.